UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY MARTIN

    Plaintiff,

v.                                                      Case No. 8:11-CV-228-T-33MAP

STEPHEN HOGUE, RANDALL CAMP,
CALVIN S. C. JOHNSON, RAYMON
ESTEVEZ, RODOLFO MCFARLANE,
KAMINIBEN K. PATEL, DANONE
LINDSEY, ROBERT NEWBERRY,
UNKNOWN CAPTAIN (Detectives),

    Defendants.
_____ /

## O R D E R

This cause is before the Court on Defendants' Rule 12(b)(6) motion to dismiss Plaintiff Anthony Martin's 42 U.S.C. § 1983 civil rights complaint. Martin is proceeding on his amended complaint. (Doc. 8). Martin's response to the motion to dismiss was due July 6, 2011. (See Doc. 34). Martin did not file a response to the motion to dismiss and did not request an extension of time to do so.

A review of the record demonstrates that, for the following reasons, Defendants' motion to dismiss must be **granted.**

### PLAINTIFF MARTIN'S ALLEGATIONS

Martin alleges that on February 1, 2007, Tampa police officers unlawfully entered his home and detained him on suspicion of robbery. He was taken to Tampa Police headquarters and read his *Miranda* rights which he promptly invoked. Martin alleges that

1

after invoking his *Miranda* rights, he was taken to a holding cell and forcibly strip searched by Detective Camp, Detective. Johnson, Officer Lindsey and Officer Estevez. Martin further alleges that Detective McFarlane and Officer Newberry became involved in the search efforts, and used physical force to try to gain Martin's compliance. Martin alleges that once he was forced into physical compliance, an evidence technician (Kaminiben Patel) photographed his thigh area. Martin asserts that these actions violated his Fifth Amendment right to counsel and that he sustained injury to his right eye.

Plaintiff seeks $100,000 punitive damages from each Defendant.

**STANDARD OF REVIEW FOR RULE 12(b)(6) DISMISSAL**

The Court must view the complaint in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The Court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89 (2007). The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court expressly "retired" the "no set of facts" pleading standard under Rule 8(a)(2) that the Court had previously established in *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *Twombly*, 550 U.S. at 563.

While a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. As a general proposition (and setting aside for the moment the special pleading requirements that attach to § 1983 claims subject to a qualified immunity

defense), the rules of pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Judicial inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Twombly,* 550 U.S. at 555-56.

*Twombly* applies to § 1983 prisoner actions. *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008). As the Eleventh Circuit has explained, "[w]e understand *Twombly* as a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n. 43 (11th Cir. 2008).

The Supreme Court has since applied the *Twombly* plausibility standard to another civil action, *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009).  In evaluating the sufficiency of Iqbal's complaint in light of *Twombly's* construction of Rule 8, the Court explained the "working principles" underlying its decision in *Iqbal.* 129 S. Ct. at 1949.

First, the Court held that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Second, restating the plausibility standard, the Court held that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show [n]'-'that the pleader is entitled to relief.' " *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). The Court suggested that courts considering motions to dismiss adopt a "two-pronged approach" in applying these principles: 1) eliminate any allegations

3

in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* **Importantly**, the Court held in *Iqbal*, as it had in *Twombly*, that courts may infer from the factual allegations in the complaint "obvious alternative explanation[s]," which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. *Id.* at 1951-52 (quoting *Twombly*, 550 U.S. at 567). Finally, the Court in *Iqbal* explicitly held that the *Twombly* plausibility standard applies to all civil actions because it is an interpretation of Rule 8. *Id.* at 1953.

The Eleventh Circuit has held that when considering a Rule 12(b)(6) motion to dismiss, a Court may take judicial notice of the public record, without converting the motion to dismiss to a motion for summary judgment. A Court may do so because such documents are capable of accurate and ready determination. *Makro Capital of America, Inc. v. UBS AG,* 372 F. Supp.2d. 623, 627 (S.D. Fla. 2005) (citing *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1279-80 (11th Cir. 1999))*; Broward Garden Tenants Ass'n. v. E.P.A.,* 157 F.Supp.2d 1329, 1335 n. 8 (S.D. Fla. 2001); *Universal Express, Inc. v. SEC, No.* 05-13142, 2006 WL 1004381, 1-2 (11th Cir. 2006). The Court may take judicial notice of documents filed in other judicial proceedings for the limited purpose of recognizing the subject matter of the litigation and/or issues decided. *Young v. City of Augusta, Ga.,* 59 F.3d 1160, 1166 n. 11 (11th cir. 1995)*; In re Delta Resources, Inc.,* 54 F.3d 722, 725 (11th Cir. 1995)*; United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994). Here, the Court will take judicial notice of the Clerk of Court for the Thirteenth Judicial Circuit's progress docket which shows that a jury found Martin guilty of robbery in Circuit Court case number 07-CF-002603 and 07-CF-002270. Each of the circuit court case numbers stems from Martin's arrest on

February 1, 2007. Martin's convictions were subsequently affirmed on appeal by the Second District Court of Appeal in case number 2D08-4932 and 2D09-2137.[1]

## Claim Preclusion

Martin was convicted of the charges that stemmed from his February 1, 2007 arrest. During the criminal case, the state trial court heard and denied a motion to suppress associated with Martin's search and arrest. Martin now seeks review by this federal court of the constitutionality of the physical search of his body. Martin's success in this Court would necessarily implicate the invalidity of the charges for which he has already been found guilty and received a prison sentence. This claim is precluded by *Heck v. Humphrey,* 512 U.S. 477 (1994). Under *Heck,* the Plaintiff is precluded from bringing a § 1983 claim for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless he shows that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of writ of habeas corpus, 28 U.S.C. § 2254."

To determine if a claim is *Heck* barred, the court must assess the factual basis for the claim to determine if the factual basis undermines the validity of the conviction. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Here, Martin claims that the named Defendants violated his constitutional rights when they used unlawful force in the process

---

[1] The website 2DCA.org reflects that the Second District Court of Appeal per curiam affirmed both convictions in case nos. 2D08-4932 and 2D09-2137.

of an unlawful search of his body. Martin's claims clearly undermine his conviction because his claims, if true, demonstrate that there is the potential that he would not have been convicted if the officers had not violated his rights. Therefore, in order to proceed on these claims that would necessarily invalidate Martin's convictions; Martin's convictions must be reversed or invalidated in some way to meet *Heck's* procedural bar. Martin's convictions in case numbers 07-CF-002603 and 07-CF-002270 have not been reversed on direct appeal.  Martin's convictions also have not been declared invalid by the state courts. Therefore, Martin's complaint is barred by *Heck*.

## QUALIFIED IMMUNITY

The Complaint alleges that the Defendants were performing their discretionary duties of arresting and/or investigating Martin for suspicion of robbery. Officers performing discretionary functions are entitled to qualified immunity. Qualified immunity protects officials performing discretionary functions from liability "where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Gold v. City of Miami*, 121 F.3d 1442, 1445 (11th Cir. 1997) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Strock v. City of Coral Springs*, 354 F.3d 1307, 1313 (11th Cir. 2003). As long as an official's conduct is not unlawful, the doctrine of qualified immunity exempts government officials from damage suits so as to enable them to perform their responsibilities without threats of liability. *Hutton v. Strickland,* 919 F.2d 1531, 1536 (11th Cir. 1990). Qualified immunity is intended to protect "all but the plainly incompetent or those who knowingly violate the law." *Mccoy v. Webster,* 47 F.3d 404, 407 (11th Cir. 1995)(quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)). Even law enforcement officers who reasonably but mistakenly conclude that probable cause is present are entitled

to immunity. *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). On a motion to dismiss, "the qualified immunity inquiry and the Rule 12(b)(6) standard become intertwined." *Wooten v. Campbell,* 49 F.3d 696, 699 (11th Cir.1995). The purpose of the doctrine of qualified immunity is to protect government officials not only from liability and damages, but also from being subject to suit. *Marsh v. Butler County,* 268 F.3d 1014, 1022 (11th Cir.2001) (en banc). Thus, whether or not a defendant is entitled to qualified immunity should be determined "at the earliest possible stage of the litigation." *Johnson v. Breeden,* 280 F.3d 1308, 1317 (11th Cir. 2002).

The Supreme Court has set forth a two part analysis to be applied to a defense of qualified immunity. *Hope v. Pelzer*, 536 U.S. 730, 736 (2002); *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation. If no constitutional right would have been violated if the allegations were established, there is no necessity for further inquiries concerning qualified immunity. *Saucier*, 533 U.S. at 201. However, if a constitutional right would have been violated under the Plaintiff's version of the facts, the next sequential step is to ask whether the right was clearly established. *Id.; Strock*, 354 F.3d at 1314. The *Saucier* analysis is still an appropriate consideration in qualified immunity cases but the sequence of analysis should not be regarded as an inflexible requirement in all cases. *Pearson v. Callahan*, 555 U.S. 223 (2009). When a § 1983 claim is raised where qualified immunity is likely to be asserted, the court implements a heightened pleading standard so the court may assess whether a defendant's actions violated a clearly established right. *GJR Invs, Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998); see also *Swann v. S. Health Partners, Inc.*, 388 F. 3d 834, 838 (11th Cir. 2004)(heightened pleading

standard survives after the Supreme Court's decision in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163 (1993)).

Martin asserts that his Fifth Amendment right to counsel was violated because he was subjected to a strip search. In his Complaint, Martin takes issue with where the search was conducted, how the search was conducted, and his ultimate exposure during the search. The alleged facts fail to implicate the Fifth Amendment and are more appropriately considered under the Fourth Amendment. Strip searches have been deemed constitutional when they are reasonable and are not conducted in an abusive fashion. *Bell v Wolfish*, 441 U.S. 520, 559 (1979)(In analyzing a Fourth Amendment strip search claim, the Court considers the scope of the particular intrusion, the manner in which it was conducted, the justification for the search, and the place where it was conducted.); *Justice v. City of Peachtree City*, 861 F. 2d 188, 191 (11th Cir. 1992).

### Justification for the Search

Martin alleges that he was arrested for robbery and that subsequent to his arrest and his *Miranda* warnings, several Detectives attempted to search him for evidence of the discharged dye pack. Officers are authorized to conduct a post-arrest investigative strip search when they have reasonable suspicion that the strip search is necessary for evidentiary purposes. *Evans v. Stephens*, 407 F. 3d 1272 (11th Cir. 2005). See also *Hicks v. Moore*, 422 F. 2d 1246, 1252 (11th Cir. 2005). Here, the search for the discharged dye pack was reasonable because the dye pack would be evidence of the crime of bank robbery. There are no allegations in the Complaint indicating that the Detectives did not have a reasonable suspicion that they would find evidence of the discharged dye pack on Martin's thigh.

**Place Where Search Conducted**

Martin alleges that the search was conducted in a holding cell in the Detectives' area "in open view." The Complaint lacks specificity, in that the "open view" allegation is insufficient to withstand a motion to dismiss based on qualified immunity because the term "open view" is a conclusory term. Moreover, the Complaint fails to assert any facts that demonstrate that the cell was an inappropriate place to conduct a search or that it lacked sufficient privacy.

**Manner in Which Search Conducted**

Martin alleges that Detective Camp, Detective Johnson and Officer Lindsey "forcibly" strip searched him. "Forcibly" is a broad and conclusory allegation that fails to specify what each of these Defendants [Camp, Johnson and Lindsey] specifically did. This is not a well plead allegation that the Court will accept as an ultimate fact and the use of the term "forcibly" fails to meet the heightened pleading requirement for allegations lodged against a law enforcement officer in his or her individual capacity. Martin also alleges that he was kneed in the chest by Detective MacFarlane and Officer Newberry and threatened with a taser by Detective Estevez.

Although Martin alleges that force was used to strip him, Martin also alleges that he physically resisted the efforts to search him. Thus, it can be inferred that Martin's resistance made the use of force necessary and reasonable. Moreover, Martin has not pled sufficient facts to demonstrate that being kneed in the chest or being threatened with a taser was unreasonable under these circumstances. Martin also alleges, on the last paragraph of page 10 of his Complaint, that he suffered mental abuses. However, Martin does not specify what those abuses were or who perpetrated such abuse.

### Scope of the Search

Martin also alleges that his upper thigh genital area was exposed and photographed but Martin does not allege that his underwear was removed, that his genitals were exposed, that a body cavity was penetrated, that a body cavity was viewed or that he was otherwise subjected to dehumanizing treatment. Thus, the Complaint fails to demonstrate that the scope of the search was in any way unconstitutional.

Finally, the Complaint fails to state any cause of action against evidence technician Patel, in that the only allegation against her is that she photographed Martin's upper thigh. There is no indication that the photograph was taken for any purpose than for evidentiary purposes. The Complaint also fails to state a cause of action for supervisory liability against Chief of Police, Stephen Hogue. Other than citing his name in the caption and mentioning him on page 10, Martin has not asserted any facts to support his claim against Chief Hogue.

### CONCLUSION

Martin's Complaint fails to meet *Iqbal*'s pleading requirements. To survive a motion to dismiss, a complaint must contain sufficient factual allegations which, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S.---, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Where, as here, the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the Complaint has alleged, but it has not shown-- that the pleader is entitled to relief. *Id* at 1950.

Accordingly, the Court orders:

That Defendants' Rule 12(b)(6) motion to dismiss (Doc. 33) is granted. The Complaint is dismissed. The Clerk is directed to close this case.

ORDERED at Tampa, Florida, on July 20, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Anthony Martin